IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| H & W MOTOR EXPRESS COMPANY | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | Bankruptcy No. 02-02017 |
| _____ | | |
| LARRY S. EIDE, Trustee | ) | |
| | ) | |
| | ) | Adversary No. 04-9106 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| URBAN R. HAAS et al | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER RE MOTION TO VACATE DEFAULT JUDGMENT**

This matter came before the undersigned on September 14, 2004 on Motion to Vacate Default Judgment. Trustee Larry Eide appeared as Plaintiff. Attorney William McCartan appeared for Defendants. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

On motion by Trustee, default judgment was entered against Defendants on August 5, 2004, for turnover of $487,000. Trustee filed his complaint for turnover on June 11, 2004. He served the summons on Defendants by mail to the address of 1201 Shiras Avenue Estates, Dubuque, IA 52001. No answer was filed in the action prior to Trustee's request for default judgment.

Defendants seek to vacate the default judgment. They assert they do not live at the above address. Rather, the address is that of the marina where Mr. Haas keeps his boat and has telephone service. Defendants' home address is 945 Carmel Drive, Dubuque, Iowa 52001, where they have resided for 22 years. Defendants state that they did not receive the summons. They wish to assert a defense in this action.

Defendants also request sanctions against Trustee for his refusal to voluntarily cause the vacatur of the default judgment.

Decisions to grant or deny a motion to set aside default judgment are within the sound discretion of the bankruptcy court.  In re Jones Truck Lines, Inc., 63 F.3d 685, 686 (8th Cir. 1995).  This discretion is colored by judicial disfavor for entry of judgment by default and a preference for disposing of cases on their merits.  In re CRS Steam, Inc. 233 B.R. 901, 904 (B.A.P. 1st Cir. 1999).  Defendants have the burden to prove grounds exist to vacate the default judgment. See In re Pflug, 100 B.R. 256, 258 (Bankr. W.D. Pa. 1989).

Bankruptcy Rule 7055 incorporates Rule 55 of the Federal Rules of Civil Procedure which sets out the procedures for entry of default and judgment of default.  In re Iowa Oil Co., 299 B.R. 555, 560 (Bankr. N.D. Iowa 2003).  Rule 55(c) states: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  Reasons listed in Rule 60(b)(1) for relief from judgment, and made applicable to default judgments through Rule 55(c), include "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1); United States v. Harre, 983 F.2d 128, 130 (8th Cir. 1993).  Alternatively, Rule 60(b)(4) permits the court to set aside a judgment that is "void."  If a defendant is improperly served, a federal court lacks jurisdiction over the defendant, rendering a default judgment void under Rule 60(b)(4).  Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993).

Rule 7004(b) allows for service to be made in the United States by mailing a copy of the summons and complaint to the defendant's "dwelling house or usual place of abode."  In re Premium Sales Corp., 182 B.R. 349, 351 (Bankr. S.D. Fla. 1995).  An executed return of service is prima facie evidence of valid service which may be overcome only by strong and convincing evidence.  Id.  Thus, service may be effective in spite of the fact that the defendant never received process. In re Southern Indus. Banking Corp., 205 B.R. 525, 530 (E.D. Tenn. 1996), aff'd 112 F.3d 248 (6th Cir. 1997).  Where service was made to a temporary residence rather than the defendant's dwelling house or usual place of abode, however, the court held that service was not effective.  Id. at 531.

2

Defendants request sanctions for Trustee's refusal to cause the default judgment to be vacated after learning that service of the summons and complaint did not reach Defendants. Rule 11 sanctions may be warranted for an abuse of litigation or misuse of the court's process. <u>In re Y.J. Sons & Co., Inc.</u>, 212 B.R. 793, 806 (D.N.J. 1997). The touchstone for such sanctions is failure to make a reasonable inquiry into the facts or taking a position that is patently unmeritorious or frivolous. <u>In re Antell</u>, 155 B.R. 921, 933 (Bankr. E.D. Pa. 1992). In <u>Antell</u>, the premature filing of a certificate of default did not warrant sanctions. <u>Id.</u>

The Court concludes that the motion to vacate default judgment should be granted. Trustee assumed Defendants' home was at the address where they had telephone service and mistakenly sent service of the summons and complaint to the marina, rather than to Debtors' residence. This service was ineffective, mandating the default judgment be vacated under Rule 60(b)(4). Trustee's statements in his response to the motion and arguments made at the hearing, convinces this Court that he acted in complete good faith and, therefore, this Court finds sanctions are not appropriate.

**WHEREFORE**, Defendants' Motion to Vacate Default Judgment is GRANTED.

**FURTHER**, sanctions are not warranted and are denied.

**SO ORDERED** this 15th day of September, 2004.

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

3